SUGG, Justice, for the Court.
Respiratory Care Services filed its bill of complaint in the Chancery Court of Oktib-beha County seeking enforcement of the non-competition terms of a contract with its employee William Riddell. The court enjoined Riddell from working as a respiratory therapist at the Oktibbeha County Hospital or at any other place in Oktibbeha County for a period of two years.
Respiratory is in the business of providing respiratory therapy in hospitals which do not have respiratory therapy departments. It provides the personnel and equipment necessary to perform respiratory therapy services for fifteen hospitals in Mississippi. In addition to Respiratory, there are at least three other companies providing similar services for hospitals in the state.
The Oktibbeha County Hospital first initiated an agreement for respiratory therapy services in August, 1974 with Pulmonary Care Services. Pulmonary was purchased by Respiratory which merged the operations of Pulmonary into its own operations. Riddell was an employee of Pulmonary and worked at the Oktibbeha County Hospital as respiratory therapist beginning in August, 1974. On May 27, 1975, the Board of Trustees of the hospital gave the hospital administrator authority to discontinue the contract with Pulmonary at his discretion, looking toward establishing their own respiratory therapy department. Pulmonary was notified that the hospital intended to terminate the contract on August 15, 1975. Between May and August, 1975 Respiratory purchased Pulmonary and knew, when it purchased Pulmonary, that the hospital intended to establish its own respiratory therapy department. In August, 1975, the hospital administrator and Respiratory entered into an oral agreement whereby Respiratory would continue to furnish services to the hospital on a cost plus basis with the understanding that the contract would be terminated when the hospital established its own respiratory therapy department.
On December 9, 1975 Riddell signed an employment contract with Respiratory which contained the following restrictive covenants:
Riddell further agrees that during the term of this Contract of Employment and *1377 for a period of twenty-four (24) months after the termination of this Contract, he shall not, directly or indirectly, participate in any manner with a competitive business to that of RESPIRATORY, and for a period of twenty-four (24) months after the termination of this Contract, shall not be employed in any manner, by any firm, association, corporation or partnership, which is in any manner competitive with the business conducted with RESPIRATORY. These restrictions shall apply within the entire State of Mississippi hereby recognizing that RESPIRATORY now serves hospitals and other institutions throughout the entire State of Mississippi.
The hospital established its own respiration therapy department on May 1, 1976 and employed Riddell as its respiratory therapist. The restrictive covenant prohibited Riddell from participating directly or indirectly in any manner with a business in competition with Respiratory. The question for decision is whether the hospital is a business in competition with Respiratory.
Respiratory and its predecessor rendered services to patients of the hospital, but billed the hospital instead of the patient for such services. Respiratory was paid by the hospital regardless of whether the hospital collected from the patient. The effect of this was that the hospital served as a conduit through which Respiratory rendered services only to the patients of the hospital. When the hospital established its own respiratory therapy department, it performed the services for its patients formerly rendered by Respiratory. Respiratory contends that both it and the hospital are seeking the same patient dollar for respiratory therapy services, and therefore concludes that the hospital is in competition with it.
Under these facts we fail to see where the hospital is in competition with Respiratory because Respiratory’s competitors are not hospitals, but are other companies engaged in the same business as Respiratory rendering services to the patients of such hospitals. The hospital renders respiratory services only to its own patients and not to patients of other hospitals. If the hospital performed respiratory therapy services for other hospitals it would be in competition with Respiratory.
We therefore hold that the chancellor erred in holding that the hospital was in competition with Respiratory. When Rid-dell accepted employment with the hospital, he was not employed by a competing business with Respiratory and should not have been enjoined from performing such employment.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.